IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION |
| v. | : |  |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 06/27/2019 | Sean E. Quinn, Esq. | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-360-3666 | 855-766-3959 | sean@quinnlawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1014 Stallings Road, Macclesfield, NC 27852__

Address of Defendant: __200 Phillips Mill Road, Cochranville, PA 19330__

Place of Accident, Incident or Transaction: __Route 283 West, East Hempfield, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/27/2019__    _/s/ Sean F. Quinn_    __86346__
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☑ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5-2018)

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ❏ 2   U.S. Government Defendant
- ❏ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                                                       and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other<br><br>**LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 835 Patent - Abbreviated New Drug Application<br>❏ 840 Trademark<br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC 3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 485 Telephone Consumer Protection Act<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act<br>❏ 896 Arbitration<br>❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation - Transfer
- ❏ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏   CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

*Sean T. Quinn*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLTON ADCOCK, JR. and SANDY ADCOCK, h/w<br>1014 Stallings Road<br>Macclesfield, NC 27852 | **CIVIL ACTION COMPLAINT** |
| v. | DOCKET NO. _____ |
| JASON JONES TRUCKING<br>200 Phillips Mill Road<br>Cochranville, PA 19330 | JURY TRIAL DEMANDED |
| JASON JONES<br>200 Phillips Mill Road<br>Cochranville, PA 19330 | |

Plaintiffs, Carlton Adcock, Jr. and Sandy Adcock, by and through their attorneys, Quinn Law Group, LLC, submits the following Complaint against Defendants, Jason Jones and Jason Jones Trucking, and in support thereof, avers as follows:

1. Plaintiffs, Carlton Adcock, Jr. and Sandy Adcock are married, adult citizens of North Carolina, residing therein at 1014 Stallings Road, Macclesfield, NC 27852.

2. Defendant, Jason Jones Trucking is, upon information and belief:

   a. a limited liability corporation organized and existing pursuant to the laws of the Commonwealth of Pennsylvania;

   b. a limited liability corporation purposefully availing itself of the rights and privileges of the Commonwealth of Pennsylvania;

   c. a limited liability corporation maintaining its business office at 200 Phillips Mill Road, Cochranville, PA 19330;

1

      d.    a limited liability corporation that conducts regular and systematic business throughout Pennsylvania;

      e.    a transport company with a registered USDOT identification number of 2510941.

3. Defendant, Jason Jones, is upon information and belief, an adult citizen of the Commonwealth of Pennsylvania, residing therein at 200 Phillips Mill Road, Cochranville, PA 19330.

4. This Court has jurisdiction based upon diversity of citizenship of the parties and the requisite amount in controversy is in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

5. Venue is appropriate in this District because the Defendant is subject to personal jurisdiction in this judicial district, and the underlying motor vehicle collision occurred within this Judicial District.

6. At all times relevant and material hereto, Defendant Jason Jones Trucking acted and/or failed to act by and through its actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, including Defendant Jason Jones, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance of Defendant Jason Jones Trucking's interests.

7. At all times relevant and material hereto, Defendant Jason Jones was an employee, agent and/or owner of Defendant Jason Jones Trucking.

8. At all times relevant and material hereto, Defendant Jason Jones Trucking leased, owned and/or controlled a 2015 Peterbilt Truck Tractor bearing Pennsylvania license plate number

AG23961, (hereinafter "Defendant's Vehicle").

9. At all times relevant and material hereto, Defendant Jason Jones was the driver and operator of Defendant's Vehicle.

10. At all times relevant and material hereto, Defendant Jason Jones was authorized and/or permitted to operate Defendant's Vehicle by Defendant Jason Jones Trucking.

11. At all times relevant and material hereto, Defendant Jason Jones was in the course and scope of his employment / agency with Defendant Jason Jones Trucking while driving and operating Defendant's Vehicle.

12. At all times relevant and material hereto, Plaintiff, Carlton Adcock, Jr. was the operator of a 2016 Volvo tractor trailer bearing Illinois license plate number P956406, (hereinafter "Plaintiff's Vehicle").

13. On October 2, 2017, at approximately 1:45 p.m., Plaintiff, Carlton Adcock, Jr., was pulled over on the shoulder of the highway facing westbound on Route 283 West in East Hempfield, PA. Defendant, Jason Jones, driving westbound on Route 283 West negligently and carelessly rear-ended Plaintiff's Vehicle, causing Plaintiff to sustain serious injuries and damages.

14. The above referenced motor vehicle collision was caused directly, proximately, and solely by the Defendant, and resulted in property damage, personal injuries, and losses to Plaintiff more fully set forth below.

15. At all times relevant and material hereto, Plaintiff was exercising due care and caution for his own safety.

16. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Carlton Adcock sustained serious direct or consequential injuries / damages, including but not limited to the following: Lumbar Sprain, Cervical Sprain, Cervical radiculopathy,

headaches, severe head pain, PTSD, as well as pain throughout the neck and back, among other serious injuries.

17. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Carlton Adcock suffered and continues to suffer a serious impairment of bodily function.

18. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff is subject to an increased risk that he will develop future complications, pain, and/or other injuries, and may require additional medical treatment and surgery in the future.

19. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has expended money for medical care and/or medicine and may be required to expend additional money for the same purposes in the future.

20. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Carlton Adcock has been prevented, and/or may be prevented in the future, from engaging in his usual employment, activities, avocations, and lifestyle, all to his great personal loss and detriment.

21. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiffs have suffered and may continue to suffer economic and/or other losses and damage.

22. All Defendants are jointly and severally liable.

### COUNT I – NEGLIGENCE - Jason Jones

23. Plaintiffs hereby incorporate by reference the allegations set forth in the above paragraphs as though same were set forth more fully at length herein.

24. Plaintiff, Carlton Adcock, Jr., sustained serious injuries and damages as a direct an

proximate result of the negligent and careless conduct of the Defendants, which consisted of the following:

    a. Failing to operate Defendants' Vehicle in a safe and reasonable manner;

    b. Failing to keep a proper and adequate lookout for other vehicles on the roadway, including Plaintiff's Vehicle;

    c. Operating Defendants' vehicle with careless disregard for the rights and safety of other persons, including Plaintiff;

    d. Failing to maintain Defendants' Vehicle under adequate control;

    e. Failing to use due care and caution under the circumstances;

    f. Operating Defendants' Vehicle in such a careless manner so as to cause the aforementioned motor vehicle collision;

    g. Operating Defendant's Vehicle in an unsafe manner likely to endanger persons and/or property;

    h. Violating 75 Pa.C.S.A § 3714 by driving Defendant's Vehicle in a careless manner;

    i. Operating Defendants' vehicle while under the influence of drugs or alcohol; and

    j. Failing to maintain lane of travel.

25. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has suffered and continues to suffer a serious impairment of bodily function.

WHEREFORE, Plaintiffs, Carlton Adcock, Jr. and Sandy Adcock, demand judgment against Defendants for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, delay damages, costs of suit, and any other relief deemed equitable and appropriate by the Court.

## COUNT II – NEGLIGENCE – Jason Jones Trucking

26. Plaintiffs hereby incorporates by reference the allegations set forth in the above paragraphs as though the same were set forth more fully at length therein.

27. Defendant, Jason Jones Trucking was negligent and careless in the following respects:

   a. Failing to properly train and supervise drivers, agents, servants, workmen, employees, representatives, contractors, and/or ostensible agents, including Defendant Jason Jones;

   b. Failing to adopt and enforce appropriate policies and procedures to ensure that the Defendants' drivers, agents, servants, workmen, employees, representatives, contractors, and/or ostensible agents, were properly trained and supervised;

   c. Failing to properly control the activities of the Defendant's personnel, employee(s), driver(s), representative(s), contractor(s), and/or agent(s);

   d. Failing to hire competent personnel, employee(s), driver(s), representative(s), contractor(s), and/or agent(s);

   e. Failing to ensure that Defendant's personnel, employee(s), driver(s), representative(s), contractor(s), and/or agent(s) complied with all applicable laws, safety standards, rules, and regulations;

   f. Failing to properly and adequately train its personnel, employee(s), driver(s), representative(s), contractor(s), and/or agent(s) to comply with applicable safety standards, laws, rules, regulations, and codes;

g. Failing to adopt and/or enforce proper and adequate guidelines, polices, and/or procedures relating to the safe operation of commercial vehicles;

h. Failing to adopt and/or enforce proper and adequate guidelines, polices, and/or procedures to ensure compliance with applicable safety standards, laws, rules, regulations, and codes; and

i. Negligently entrusting Jason Jones to operate Defendant's Vehicle.

28. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff sustained serious injuries and damages as set forth more fully in the above paragraphs and incorporated herein by reference.

WHEREFORE, Plaintiffs, Carlton Adcock, Jr. and Sandy Adcock, demand judgment against Defendants, jointly and severally, for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

## COUNT III – VICARIOUS LIABILITY

29. Plaintiffs hereby incorporate by reference the allegations set forth in the above paragraphs as though same were set forth more fully at length herein.

30. At all times relevant and material hereto, Defendant, Jason Jones Trucking, acted and/or failed to act by and through Defendant, Jason Jones.

31. At all times relevant and material hereto, Defendant, Jason Jones Trucking, negligently and carelessly entrusted Defendant's Vehicle to Defendant, Jason Jones.

32. Defendant, Jason Jones Trucking, is vicariously liable for the aforementioned negligence and carelessness of Defendant, Jason Jones.

33. Defendant, Jason Jones Trucking, knew or should have known that Defendant,

Jason Jones, was unfit or otherwise unskilled to drive Defendant's Vehicle prior to the crash.

34. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff sustained serious injuries and damages as set forth more fully in the above paragraphs and incorporated herein by reference.

WHEREFORE, Plaintiffs, Carlton Adcock, Jr. and Sandy Adcock, demand judgment against Defendants, jointly and severally, for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, delay damages, costs of suit, and any other relief deemed equitable and appropriate by the Court.

## COUNT IV – LOSS OF CONSORTIUM

35. Plaintiffs hereby incorporate by reference the allegations set forth in the above paragraphs as though same were set forth more fully at length herein.

36. At all times material hereto, Plaintiff, Sandy Adcock, has been married to and the wife of Plaintiff, Carlton Adcock, Jr.

37. As a direct and proximate result of the severe and permanent injuries sustained by Plaintiff, Carlton Adcock, Jr., in the aforementioned motor vehicle collision, Plaintiff, Sandy Adcock, has been in the past, and will in the future, be deprived of the society, services, companionship and consortium of her husband, Plaintiff, Carlton Adcock, Jr., to her great personal and financial loss and expense.

WHEREFORE, Plaintiffs, Carlton Adcock, Jr. and Sandy Adcock, demand judgment against Defendants, jointly and severally, for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, delay damages, costs of suit, and any other relief deemed equitable and appropriate by the Court.

                    Respectfully Submitted,

                    QUINN LAW GROUP, LLC

BY: _____
      SEAN E. QUINN, ESQUIRE
      Attorney for Plaintiff
      1500 Market Street
      Centre Square West - Suite 4000
      Philadelphia, PA 19102
      (215) 360-3666

Dated: June 27, 2019